# MARY E. KENWORTHY and JAMES T. KENWORTHY,
### Appellants.

## JOSIAH MERRITT, Appellee.

Whether a parol contract can be set up to show that a promissory note, secured
by a real mortgage, absolute upon its face, and bearing interest payable in
monthly installments, was conditional, to be void upon the failure of the
payee to execute a deed—Quære ?

The purchaser of real estate having received a deed conveying partial title, and
also having been placed in possession, cannot successfully resist an action
upon a promissory note for the purchase price, because the conveyance was
to be void unless a further deed was executed, which had not been done,
unless such vendor firs. offer to reconvey and surrender the possession of the
premises.

An answer setting up such conditional contract, but failing to show an offer to
reconvey or surrender the premises, held bad on demurrer.

Appeal from Third Judicial District, holding terms at Seattle.

Merritt, the appellee, sold and conveyed to appellants certain
real estate for $2,000, the payment of which was evidenced by
certain promissory notes, payable at future times, and bearing
interest payable monthly in advance.   These notes were secured
by mortgage on the property conveyed.

Appellants were placed in possession of premises, and continued to reside upon and improve the same.

After the decision of the Court upon various questions presented by the pleadings, appellants filed an amended answer, in
which, by way of defense, they averred that Merritt's wife had
a dower interest in the premises, which Merritt agreed should be
conveyed to appellants within one year—and that the notes and
mortgage were conditional, to be valid if such dower interest
was conveyed as agreed ; but if not, to be void.

To this amended answer the plaintiff below demurred, and
his demurrer was sustained.

*I. M. Hall* and *Jones & Osborn*, for Appellants.

A part performance takes this contract out of the Statute of
Frauds.   (1 Greenleaf on Evidence, Secs. 273, 284.)

There was a consideration for the notes and mortgage ; this is

a good defense.   (1 Jones on Mortgages, Secs. 610, 611, 612; 2 Jones on Mortgages, Secs. 1470, 1490 ; 1 Daniel on Negotiable Instruments, 175 ; *Weare* v. *Pierce*, 24 Pick. 141, 145 ; *Rice* v. *Goddard*, 14 Pick. 293 ; *Vinton* v. *King*, 4 Allen, 562.)

The mortgage being a sealed instrument does not prevent the defense of failure of consideration, or any defense which might be made on the debt which it was given to secure, the Statute of Limitations excepted.   ( *Vinton* v. *King*, 4 Allen, 562; *Hannon* v. *Hannon*, 123 Mass. 441.)

Partial or entire failure of consideration of negotiable instruments may also be shown by parol, so far as concerns parties with notice.   (2 Wharton's Evidences, Sec. 1044 ; 1 Daniel's Negotiable Instruments, 175 ; *Sawyer* v. *McLouth*, 46 Barb. 350 ; *Chester* v. *Bank of Kinsgton*, 16 N. Y. 336 ; *Crossman* v. *Fuller*, 17 Pick. 171.)

Delivery of mortgage and note essential to their validity. Parol evidence admissible to prove delivery.   (1 Jones on Mortgages, Secs. 84, 87 ; 2 Wharton's Evidence, Sec. 1016 ; 1 N. W. Rep. 308, bottom p.)

A conveyance absolute on its face may be shown by parol to be a mortgage.   (2 Wharton's Evidence, Sec. 1032 ; 1 Jones on Mortgages, Secs. 322, 323 ; 1 N. W. Rep. 70, bottom p.)

Collection of the notes and foreclosure of the mortgage would operate as a wrong and fraud upon appellants.   (1 Hilliard on Contracts, 133, 134.)

Time was of the essence of the contract alleged in the answer, made so by mutual agreement ; was material, and applied to both parties.   (Willard's Equity, 294, 295.)

The Statute of Frauds cannot be used by any party, if thereby a fraud is perpetrated upon another.   (1 Story's Equity, Sec. 64e ; Willard's Equity, 285 ; 1 Jones on Mortgages, Secs. 322, 323.)

A Court of Equity will interfere to prevent the fraudulent use of a paper for a purpose not contemplated at the time it was made, even where there was no fraud in its execution.   (*Murray* v. *Drake*, 46 Cal. 644, 649 ; *Chipman* v. *Tucker*, 20 Am. Rep. 1, 5 ; 1 Hilliard on Contracts, 133, 134.)

Parol evidence is admissible to show that no contract ever existed of which the one in controversy was the terms.   Such

evidence does not vary the terms of the written contract. (2
Wharton's Evidence, Secs. 927, 928, 929, 930; *Benton* v. *Mas-
tin*, 52 N. Y. 570, 574–5; 1 Hilliard on Mortgages, 662, Sec.
2; 661, 664, 665, Sec. 5; 673, Sec. 10; 667, Sec. 40; Jones on
Mortgages, Secs. 190, 200; Perry on Trusts, 207, Sec. 231; 210,
Sec. 232.)

The appellee being entitled to some relief, such as may be
just in the premises, but not that prayed for in the complaint,
and the appellants being entitled to relief, the Court having ac-
quired jurisdiction of the case, should retain it for all purposes
connected with the case. (1 Story's Equity, Sec. 64 k; Wil-
lard's Equity, 48, 49; *Heatherly* v. *Hadley*, 4 Oregon, 1, 9.)

The answer in this case contains denials. So far there is an
issue. (1 Van Santvoord's Equity Practice, 206, 207, 215, 216,
249.)

This answer is not subject to general demurrer. It does not
present on its face defects so substantial in their nature and so
fatal, taking them to be admitted, that they furnish no defense
whatever. (Bliss on Code Pleading, Sec. 425; 15 N. Y. 425;
39 N. Y. 436; 17 Barb. 260; 5 Duer, 662; 3 Neb. 76, 87.)

*Jacobs & Jenner*, for Appellee.

All the authorities agree that a delivery of a deed to a grantee,
or of a mortgage to the mortgagee, is in law and equity absolute
and unconditional; hence, the pleading was false in fact and in-
sufficient in law. (8 Mass. 237; 2 Hilliard R. E. 307.)

Neither the deed given, nor the mortgage or notes, contain a
word of this alleged verbal agreement; and these papers, in the
absence of fraud, accident, or mistake, are conclusively pre-
sumed to contain the final contract of the parties, and to be the
sole depository of their agreement. (1 Greenleaf Evidence,
Sec. 275; 11 Mass. 27 : 3 Metcalf, 489.)

Dower continued until 1879. (Statutes, 1879, p. 79, Sec. 18.)

The statutes before that time were all prospective. (1873,
p. 4.2, Sec. 11; 1869, p. 321, Sec. 11.) That the interest is
a dower interest is conceded.

Opinion by HOYT, Associate Justice.

In an action brought to foreclose a mortgage given to secure
certain notes executed by the defendants, an answer was inter-

posed alleging certain facts, which, briefly stated, were that said notes and mortgage were given in payment for a piece of land bought by defendant, Mary E. Kenworthy, of the plaintiff.

That at the time of the sale of such land, plaintiff made and delivered his own deed therefor to said defendant; but that, as he had a wife who had a dower interest in said land, it was agreed that said sale should not be considered complete until another deed should be executed by plaintiff, in which his wife should join; and that plaintiff agreed to procure the execution of such additional deed within one year; and that said notes and mortgage were made and delivered to plaintiff conditionally, and not to take effect and be in force until the execution and delivery of such second deed; and that if such deed was not executed within said one year, that the said notes and mortgage should be void and of no effect. That upon the delivery of said first deed and the said notes and mortgage, the defendants went into possession of the premises, and had made improvements thereon, and were still in possession thereof. That said second deed has never been executed, though more than the said one year had elapsed: and the said answer, by way of relief, asked that plaintiffs' complaint be dismissed, and that they have judgment for one thousand dollars damages.

It was not alleged in said answer that the evidence of said conditions existed other than in parol.

To this answer the Court below sustained a demurrer, and this is the particular error which the defendants allege.

The notes upon which the action was brought provided that the interest thereon should be paid monthly in advance; and it is claimed that the contract set up in said answer, which in effect might postpone any payment on said notes for a year, would change the terms thereof, and therefore not be competent to be shown by parol; and that therefore such answer was bad; and we are of the opinion that there is much force in their position: but as we think that all the facts alleged in the answer (if said conditions had been alleged to have been in writing), would constitute no defense to plaintiffs' action, we do not now decide as to whether or not the alleged contract was one which could have been shown by parol.

Defendants, by their said answer, admit that they received cer-

tain title from the plaintiff, and that they are in possession of the premises thereunder, and that the notes and mortgages were given for the purchase price of said land; and without in any way offering to reconvey the title so obtained from plaintiff, or to surrender to him the possession of the premises, they seek to set up in a Court of Equity the conditional contract above stated, to defeat plaintiffs' entire action.

For them to do this would, in our opinion, be a clear violation of the rule, that he who seeks equity must do equity; and the Court cannot, therefore, allow them to avail themselves of such conditional contract, unless they had first done all they could to place all parties in the same situation as when the contract was made, and had so alleged in their answer.

The demurrer was properly sustained, and the judgment rendered in the Court below must be affirmed, with costs.

Let the cause be remanded, with instructions to the Court below to carry into effect the judgment heretofore rendered therein.